## Panko v. Ravdin

*Freedman, Borowsky & Lorry*, for plaintiff.

*White & Williams*, for defendant.

GREENBERG, J., December 9, 1968.—Plaintiff's decedent brought suit against Food Fair Stores, Inc., in

New Jersey, and a verdict was rendered in favor of Food Fair allegedly because Dr. Robert G. Ravdin, decedent's treating physician and defendant in this case, entered into a collusive arrangement with Food Fair's insurance carrier, Consolidated Mutual Insurance Company. Plaintiff alleges that as a result of said collusion, defendant, Ravdin, breached his fiduciary relationship with decedent by disclosing to said insurance carrier information concerning decedent's condition without first obtaining her consent. Edwin E. Naythons, Esq., who represented plaintiff's decedent in the New Jersey case now represents the estate in this action against Dr. Ravdin.

Defendant, who was not represented by counsel in the New Jersey case, moved to take Mr. Naythons' deposition. Mr. Naythons moved for a protective order under Pennsylvania Rule of Civil Procedure 4012, claiming that: (1) The purpose of the deposition is to harass Mr. Naythons and, by making him a witness, force him out of the case; (2) Mr. Naythons has no knowledge of facts not also within the knowledge of the defendant; and (3) the deposition will force Mr. Naythons to violate his confidential relationship with his client.

We reject these contentions, and deny defendant's motion for a protective order.

There is no reason why Mr. Naythons will be forced out of the case by reason of his deposition being taken by defendant, or, for that matter, by reason of his being called by defendant as a witness. Article 19 of the Canons of Professional Ethics provides:

"When a lawyer is a witness for *his client* . . . he should leave the trial of the case to other counsel. . . ." (Italics supplied.)

Mr. Naythons' first contention is without merit, since an attorney cannot be forced out of a case if he is called as a witness by opposing counsel. This is espe-

cially true when what is being sought is merely his deposition, since it may reveal that he has no personal knowledge of the facts which would warrant his being a witness at the trial. We hasten to add at this point that we do not here condone or authorize the indiscriminate deposing of counsel in a case, especially as to matters he has learned as a result of his investigative and legal efforts. The present litigation, however, arose out of another and different *lawsuit*, and, hence, Mr. Naythons' present knowledge of the former lawsuit is relevant, and to some extent, not privileged.* By his own admission, Mr. Naythons ". . . is the only one who knows the facts relating to Dr. Ravdin's conduct which amounted to a breach of the confidential relationship". In view of this, there can be no doubt that the bare allegation by Mr. Naythons that he has no knowledge not also had by Dr. Ravdin cannot be a ground for preventing the deposition.

With respect to the proposed violation by Mr. Naythons of the attorney-client privilege, we need only state that such a privilege, if proper, will be available to the witness at the deposition. Of course, we cannot and do not decide at this time what will or will not be properly objectionable because it is privileged.

Accordingly, plaintiff's motion for a protective order is denied.

---

* Mr. Naythons relies on Hickman v. Taylor, 329 U.S. 496 (1947), but he has misinterpreted the thrust of that decision. Hickman protects a lawyer's "work product" from discovery, at least where the attorney seeking the discovery has access to the same sources as the attorney from whom the discovery is sought. Where a lawsuit (as opposed to an accident or breach of contract) gives rise to a second lawsuit, the attorneys in the first lawsuit will have peculiar knowledge of facts which, we believe, do not fall within the Hickman rule. We do not rule out the possibility that knowledge which would be "work product" as to the first case may also be "work product" as to the second case.